JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Steve Hobbs, appeals from the judgment of the Common Pleas Court finding him guilty of felonious assault, robbery, and kidnapping, all with firearm specifications, and sentencing him to eight years incarceration. For the reasons that follow, we affirm.
 {¶ 2} The record reflects that Hobbs was indicted in February 2003 on one count of attempted murder, in violation of R.C. 2903.12; two counts of felonious assault, in violation of R.C. 2903.11; one count of aggravated robbery, in violation of R.C. 2911.01; and one count of kidnapping, in violation of R.C. 2905.01. All of the counts carried one and three-year firearm specifications.
 {¶ 3} The indictment stemmed from an incident that occurred in December 2003, in which Hobbs and his co-defendant, Thomas Diamond, took the victim to a friend's home and then attacked and beat him in what Hobbs claimed was an attempt to retrieve a necklace allegedly stolen by the victim. Several other males at the home joined in the attack. The victim suffered serious injuries that required hospitalization.
 {¶ 4} In a plea agreement with the State, Hobbs subsequently pled guilty to two counts of felonious assault, one count of robbery, one count of attempted kidnapping, and the accompanying firearm specifications. In exchange for Hobbs' guilty plea, the attempted murder charge was nolled.
 {¶ 5} The trial court found Hobbs guilty, and sentenced him to the minimum two years incarceration on the robbery and attempted kidnapping convictions, five years incarceration on each of the felonious assault convictions, and three years incarceration on the firearm specifications. The court ordered that the sentences on the underlying felonies be served concurrently, but consecutive to the three-year sentence for the firearm specifications, for a total of eight years incarceration. This appeal followed.
 {¶ 6} Prior to sentencing Hobbs, the trial judge sentenced Diamond, who pled to the same offenses as Hobbs. The trial judge then asked the prosecutor if he had anything further to tell the court regarding Hobbs. The prosecutor responded:
 {¶ 7} "No, just specifically with respect to Mr. Hobbs, there were several people that actually said that he was about to actually shoot him with the gun.
 {¶ 8} "Whether Mr. Hobbs is going to admit to you now today that he was the one with the gun, we'll see, but Mr. Diamond certainly denied it was one of the two of them, but they both had it in the car, and the victim described the exact gun that eventually was found that they had.
 {¶ 9} "So I would expect Mr. Hobbs here today to admit that the gun was his then because Mr. Diamond is saying that it's not his.
 {¶ 10} "* * *
 {¶ 11} "I consider them both equally culpable in this case. They both took [the victim] to Cole's house to beat him senseless. And, in fact, maybe Mr. Hobbs is more culpable given the fact that one of the two of them had the gun. And we can assume that he did not — Mr. Diamond said he did not."
 {¶ 12} After defense counsel addressed the court, the trial judge engaged in the following colloquy with Hobbs:
 {¶ 13} "THE COURT: Mr. Hobbs, do you have anything you want to say? You have a right to say something.
 {¶ 14} "THE DEFENDANT: Yeah, I'll say that I got carried away that day and I'm sorry for what happened to Mr. Murphy. And I really ain't have nothing to do with it. It's the last thing —
 {¶ 15} "THE COURT: What do you mean you had nothing to do with it? Apparently, it was your necklace.
 {¶ 16} "THE DEFENDANT: That's the only thing, everybody else got carried away to do what they did. I'm standing up here to say I'm sorry, change my life.
 {¶ 17} "THE COURT: It wasn't your gun, right?
 {¶ 18} "THE DEFENDANT: No, it was not my pistol.
 {¶ 19} "THE COURT: You were there, but you didn't really participate in the beating, right?
 {¶ 20} "THE DEFENDANT: I'm not saying I'm totally innocent, but I'm not totally guilty of everything that I've been charged with, sir.
 {¶ 21} "THE COURT: Well, who was the main aggressor in beating up Mr. Murphy if it wasn't you?
 {¶ 22} "THE DEFENDANT: There was a lot of people beating on that man. It wasn't just me and Mr. Diamond, no. What I am saying —
 {¶ 23} "THE COURT: Like I said, why did you need this guy's —
 {¶ 24} "THE DEFENDANT: Like I said, we didn't go over there to beat these guys up. We wanted to get some marijuana. We wanted to smoke some weed.
 {¶ 25} "THE COURT: Who is these guys? There's only one other guy, Murphy.
 {¶ 26} "THE DEFENDANT: We was going to 53rd to pick up some marijuana, it got out of hand. We did not — I did not want nothing to happen to that man, I just wanted to get my jewelry back.
 {¶ 27} "* * *
 {¶ 28} "THE COURT: What civilized people do is if someone takes your property, what civilized people do is they come in here and they file a lawsuit against the guy and say, hey, this guy took my property without any right to it. I want recompense. They don't beat a guy within one inch of his life with an automatic weapon and threaten him with a weapon."
 {¶ 29} The trial court then sentenced Hobbs. With respect to the felonious assault charges, the trial court stated:
 {¶ 30} "Under Section 2929.13(B) of the Ohio Revised Code, you're, in essence, entitled to the shortest prison term on counts 2 and 3 unless you were serving a prison term or had previously served a prison term, and that doesn't apply, or unless I find on the record the shortness of the prison term would demean the seriousness of your conduct and not protect the public from future crime.
 {¶ 31} "Frankly, I find those things. First of all, I think the shortest term would demean the seriousness of your conduct. Your conduct was completely, as I've said before, uncivilized.
 {¶ 32} "Normal people, even people who get normally angry and maybe lose control a little bit don't do this kind of thing. This is not just a question of having gotten a little bit angry and carried away, maybe punching a guy or a bar fight type of thing.
 {¶ 33} "This is — as far as I'm concerned, this is very close to attempted murder. I understand that that charge was nolled, but the facts here from what I see probably could have justified the prosecution in insisting that you be prosecuted on that particular charge. So I do think the seriousness of your conduct requires something more than the shortest prison term.
 {¶ 34} "Additionally, I don't think the public is going to be adequately protected to have you out there after the shortest prison term.
 {¶ 35} "You and Diamond are more or less telling me the same thing, it was really somebody else who did this and it's always somebody else, somebody else. Clearly, it wasn't somebody else. The victim remembers a gun being used, and he only remembers you and Diamond.
 {¶ 36} "Therefore, as the prosecution argued and I happen to agree, it only stands to reason that it was you and Diamond that used the gun in this matter.
 {¶ 37} "So, because of those findings, I'm going to deviate from the minimum."
 {¶ 38} In his first assignment of error, Hobbs contends that although he should have received the minimum two-year sentence on the felonious assault convictions, the trial court sentenced him to a more severe sentence, in violation of his Fifth Amendment right against compulsory self-incrimination, because he would not "admit to the gun." We are not persuaded.
 {¶ 39} The Fifth Amendment by its terms prevents a person from being "compelled in any criminal case to be a witness against himself." Fifth
Amendment to the United States Constitution. A defendant retains the right to invoke his Fifth Amendment privilege against compelled self-incrimination when he has pled guilty but sentence is yet to be imposed. Mitchell v. U.S. (1999), 526 U.S. 314, 119 S.Ct. 1307,143 L.Ed.2d 424. Thus, a guilty plea is not a waiver of the privilege at sentencing. Id. Moreover, a sentencing court may not draw an adverse inference from a defendant's silence at sentencing in determining facts relating to the circumstances and details of the crime. Id.
 {¶ 40} Contrary to appellant's argument, however, no Fifth Amendment right is implicated in this case. First, Hobbs was not compelled to incriminate himself regarding the gun used in beating the victim. Rather, by pleading guilty to the amended counts, each of which contained one and three-year firearm specifications, Hobbs voluntarily admitted that he "had a firearm on or about [his] person or under [his] control while committing the offense," and, further, that he "displayed the firearm, brandished the firearm, indicated that [he] possessed the firearm, or used it to facilitate the offense." R.C. 2941.141 and 2941.145. Thus, by virtue of his plea, Hobbs did, in fact, "admit to the gun."
 {¶ 41} Moreover, Hobbs did not exercise his Fifth Amendment right to remain silent at the sentencing hearing. Instead, he voluntarily responded to the judge's question, "Do you have anything you want to say," and then denied that the gun used in the offenses was his and also denied the extent of his involvement in the beating. Hobbs' statements were not compelled; they were voluntarily given and, therefore, his Fifth
Amendment right against compelled self-incrimination was not implicated.
 {¶ 42} Finally, contrary to appellant's argument, the trial court did not sentence Hobbs to more than the minimum sentence because he would not "admit to the gun." Rather, the record reflects that the trial court sentenced Hobbs to five years on the felonious assault charges because it found that beating the victim "within one inch of his life" over a missing gold necklace was "very close to attempted murder," and, further, because Hobbs continued to deny the extent of his involvement in the beating, despite his guilty plea.
 {¶ 43} Appellant's first assignment of error is therefore overruled.
 {¶ 44} In his second assignment of error, Hobbs, through counsel, contends that the trial court's imposition of more than the minimum sentence on the felonious assault convictions and the imposition of consecutive sentences violates the United States Supreme Court's decision in Blakely v. Washington (2004), 124 S.Ct. 2531. Hobbs makes the same argument pro se.
 {¶ 45} This court addressed the issue of nonminimum sentences in Statev. Atkins-Boozer (May 31, 2005), Cuyahoga App. No. 84151. InAtkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of more than minimum sentences, does not implicate the Sixth Amendment as construed in Blakely. Likewise, in State v. Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729, we held that R.C. 2929.14(E), which governs the imposition of consecutive sentences, does not implicate the Sixth
Amendment as construed in Blakely. Accordingly, in conformity with those opinions, appellant's second assignment of error is overruled.
 {¶ 46} In his third assignment of error, Hobbs contends that the trial court erred in sentencing him to more than the minimum term of incarceration regarding the felonious assault convictions because it did not make the findings required by R.C. 2929.14(B) for imposing more than the minimum sentence upon an offender who has not previously served a prison term.
 {¶ 47} Pursuant to R.C. 2929.14(B), if a defendant has not previously served a prison term, the trial court must impose the minimum sentence unless it makes certain findings:
 {¶ 48} "If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 49} The purpose of recorded findings is to "confirm that the court's decision-making process included all of the statutorily required sentencing considerations." State v. Edmonson (1999), 86 Ohio St.3d 324,327. The record must show that a judge "first considered imposing the minimum * * * sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons." Id. at 328.
 {¶ 50} As set forth above, the record in this case clearly indicates that the trial judge acknowledged that Hobbs was entitled to an initial presumption that he should receive the minimum sentence, but then found that the shortest term would demean the seriousness of the offense because Hobbs' conduct was "completely uncivilized," and further, that the shortest term would not adequately protect the public because Hobbs and Diamond used a gun in committing the crimes. Appellant's third assignment of error is therefore without merit and overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Kilbane, J., Concur.